Joshua Van Eaton (*Pro Hac Vice*)
jvaneaton@bdlaw.com
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Facsimile: (202) 789-6190

Attorney for Plaintiff/Counterdefendant
Long Beach Unified School District

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG BEACH UNIFIED SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA CATALINA ISLAND COMPANY and CITY OF AVALON,<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. 2:19-cv-01139-MEMF (ASx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINTIFF'S PAST OR FUTURE DAMAGES**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Hearing Date: February 7, 2024<br>Hearing Time: 2:00 pm PT<br>Courtroom:     8B<br><br>Complaint Filed: February 14, 2019<br>Trial Date: March 25, 2024 |

## I. INTRODUCTION

Neal Brody's fact testimony regarding his Federal Rules of Evidence 1006 Summary and tabulation of Plaintiff Long Beach United School District's nearly 500 remediation-related costs incurred since February 14, 2016, will significantly streamline and shorten the District's presentation of evidence at trial. His fact testimony could be avoided altogether with a stipulation regarding the District's costs, but Defendants are unwilling to stipulate to any portion of these verifiable past costs.

1  Declaration of Josh Van Eaton, January 24, 2024 ("Van Eaton Decl.") at ¶2-4, Ex. 1, 2.  Absent a cost
2  stipulation, Mr. Brody's fact testimony and FRE 1006 summary on these issues is proper.

3        Mr. Brody's fact testimony meets the criteria for proper lay testimony.  Specifically, Mr. Brody's
4  testimony will be based on his site-specific personal knowledge derived from working closely with the
5  District's remediation team as a consultant for more than six years to keep track of a key fact in the case
6  that does not require specialized expert knowledge.  Declaration of Neal Brody, January 23, 2024
7  ("Brody Decl.") at ¶3-4.  Defendants' challenge to Mr. Brody's fact testimony amounts to nothing more
8  that unsupported allegations and misstatements of law that are insufficient for exclusion.

9        Mr. Brody's rebuttal expert testimony as to the recoverability of Defendants' purported
10 Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) costs and future
11 remediation work at the Avalon School is also permissible.  Defendants do not dispute Mr. Brody's
12 expert qualifications or the reliability of the methods employed by Mr. Brody in his December 14, 2021,
13 Rebuttal Expert Report.  Rather, Defendants challenge the scope and relevance of Mr. Brody's rebuttal
14 testimony.  But in doing so, Defendants ignore controlling jurisprudence regarding the proper scope and
15 function of rebuttal testimony scope and critical facts, including that Mr. Brody's rebuttal report
16 mirrored the exact same period of time put at issue by Defendants' cost expert Gregory Hokkanen.
17 Defendants' assertion that the District conceded Mr. Brody's "opinions as to past and future damages
18 were improper rebuttal" is flatly false.  ECF 250-1 at 8.  Mr. Brody never offered rebuttal testimony as
19 to future <u>damages</u> nor will he at trial because neither the District's nor Defendants' future damages are
20 at issue or recoverable at trial.

21       Should the Court determine that a portion of Mr. Brody's rebuttal expert opinion exceeds the
22 proper scope of rebuttal testimony, the Court should allow the District to redesignate Mr. Brody as an
23 affirmative expert rather than to exclude his testimony altogether.  Defendants would not be prejudiced
24 by the redesignation because Mr. Brody already disclosed his opinions in an expert report and
25 Defendants deposed Mr. Brody at length on those opinions.  And ironically, Defendants relied on Mr.
26 Brody's purported out of scope opinions when seeking dismissal of this case.  *See* ECF 222-1 (Joint
27 Memorandum on Defendants' Motion for Partial Summary Judgment) at 47.

28

2

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

## II. ARGUMENT

### A. Mr. Brody May Offer Fact Testimony Regarding Costs Incurred by the District Since February 14, 2016

Plaintiff intends to call Mr. Brody as a fact witness to testify as to his FRE 1006 summary and tabulation of total remediation related costs paid by the District since February 14, 2016, absent a cost stipulation as to these verified costs. Mr. Brody's fact testimony and FRE 1006 summary on these issues is proper and should be presented to the appropriate fact finder.[1]

Defendants' unsupported allegations that a rebuttal expert witness cannot provide fact testimony, and that somehow retention through litigation counsel bars fact testimony, are contrary to law. A witness may serve in both expert and fact witness capacities. *See, e.g.*, *U.S.A. v. Sahakian*, No. CR 02-938 (A) VAP, 2007 WL 9676546, at *3 (C.D. Cal. Nov. 27, 2007) ("Precedent in the Ninth Circuit clearly establishes that a witness may testify both as a fact witness and as an expert witness.") (citing *United States v. Alonso*, 48 F.3d 1536, 1540-42 (9th Cir. 1995)); *see also Hartzell Mfg., Inc. v. American Chemical Technologies, Inc.*, 899 F. Supp. 405, 408 (D. Minn. 1995) ("the mere fact that the witness, by virtue of his education, training or experience, is capable of being qualified as an expert, does not serve as a valid objection to his expression of lay opinion testimony"), *citing Farner v. Paccar, Inc.*, 562 F.2d 518, 529 (8th Cir.1977). This includes consultants hired by litigation counsel. *See e.g., Prasad v. MML Investors Servs., Inc.*, No. 04 Civ. 380(RWS), 2004 WL 1151735, at *6 (S.D.N.Y. May 24, 2004) ("[t]hat a fact witness has been retained to act as a litigation consultant" is not "in and of itself" improper.").

Moreover, Mr. Brody's testimony as to his tabulation of remediation-related costs paid by the district comports with Federal Rule of Evidence 701. Fact testimony is proper so long as it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Here, Mr. Brody's testimony will be

---

[1] The District is seeking both damages for past costs and an abatement order. The District previously proposed that the parties agree to January 31, 2023 as the cut-off date for the past costs District will put at issue in the trial and treat costs incurred since January 31, 2023 as either costs to be recovered in a post-trial proceeding that is governed by the trial findings or costs to be governed by the terms of the abatement order. Defendants declined both proposals. Van Eaton Decl. Ex. 1.

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINTIFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

based on his direct personal knowledge and perception of factual matters regarding the ongoing environmental remediation[2] activities and associated costs at the Avalon School. Mr. Brody has worked closely for more than six years in a consulting capacity with members of the District's remediation team, including those in the field on a regular basis, to keep track of the District's remediation costs. Brody Decl. at ¶3-4, Ex. 2.

Second, allowing Mr. Brody's fact testimony about verifiable past costs is extremely helpful for determining a key fact in issue—remediation costs incurred by Plaintiff. A clear understanding of costs is necessary for the jury to determine recoverable damages at the jury trial, and the Court to determine proper cost allocation under CERCLA at the bench trial.

Third, Mr. Brody's lay testimony as to his tabulation of remediation related costs paid by the District does not require scientific, technical, or other specialized knowledge within the scope of Rule 702. Rather, the process of determining whether a given invoice relates to remediation activities at a site requires only the application of common sense and personal knowledge about the ongoing remediation activities at a specific site. *See e.g., Plantation Pipe Line Co. v. Associated Elec. & Gas Ins. Servs. Ltd.,* No. 1:09-CV-1260-SCJ, 2011 WL 13143900, at *3 (N.D. Ga. Dec. 2, 2011) (permitting lay witness testimony on the subject of costs incurred to investigate and remediate contamination); *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995) (permitting lay testimony opinion where "observations are common enough and require such a limited amount of expertise, if any, that they can, indeed, be deemed lay witness opinion."). Mr. Brody possess both. At Exhibit J to the Declaration of Josh Levine (ECF 250-12), Defendants provide a good example that demonstrates why specialized expertise is *not* necessary to answer the question of whether an invoice is related to remediation work at the Avalon School. Defendants correctly observed that on its face the invoice refers to work performed at non-Avalon schools.[3] ECF 250-1 at 8. A person with personal knowledge of day-to-day field remediation work at the Avalon School and the associated costs of that work—which Mr. Brody possesses—could

---

[2] The District uses the term "remediation" in the motion *in limine* briefs to broadly refer to costs associated with the cleanup and management of Defendants' contamination. As used in these briefs, the District does not intend to apply the CERCLA statutory or regulatory meanings of the word "remediation" or "remedial."

[3] The invoice was inadvertently produced. It does not relate to Avalon School remediation work.

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

easily determine that the invoice was unrelated to remediation work at the Avalon School. They could also readily understand whether an invoice pertains to remediation work as opposed to non-remediation work. The exemplar invoice excerpted below was submitted by Leighton, one of the District's remediation contractors, and the description of services provided describes work performed at the Avalon School in support of the District's response to DTSC's Imminent and Substantial Endangerment order. It requires no specialized knowledge.

```
Leighton Consulting, Inc.                    Invoice Date: January 20, 2017
A California Corp.: Federal ID No.: 73-1650031    Invoice Number: 25559

C58950E                                      Client Contract / PO  P161283
Long Beach Unified School District           Client PM  Dori Arbour/Lettie Boggs
Facilities Dev & Planning                    Leighton Project No.: 11376.003
2425 Webster Avenue                          Project Manager: Kris Lutton
Long Beach, CA 90810                         PM Email Address: klutton@leightongroup.com
Measure K Accounting                         Charges from: 12/1/2016
                                             Charges through: 12/31/2016

SERVICES RENDERED
Purchase Order No: P161283

Environmental Services in support of the Response to the DTSC's Imminent and
Substantial Endangerment Determination and Order and Remedial Action Order
for the Avalon K-12 School at Zoo Falls Canyon Road

HHRA and Respnse to Comment review


CURRENT CHARGES
    Professional Services                              $   1,173.00
    Subconsultant/Subcontractor Services               $   1,026.00
                                       AMOUNT DUE      $   2,199.00
```

Van Eaton Decl. Ex. 6.

Nor does Mr. Brody's process of adding up invoice payments in a spreadsheet require scientific, technical, or other specialized knowledge within the scope of Rule 702. It requires only basic familiarity with arithmetic and excel, which courts routinely uphold as proper subjects for lay testimony. *See e.g., Walsh v. Wellfleet Commc'ns*, No. 20-16385, 2021 WL 4796537, at *2 (9th Cir. Oct. 14, 2021) (upholding admission of lay witness testimony that used basic mathematics to summarize voluminous records); *United States v. Aubrey,* 800 F.3d 1115, 1129 (9th Cir. 2015) (summaries of financial

5

transactions from a Housing and Urban Development forensic auditor were proper lay testimony); *Erhart v. BofI Holding, Inc.,* 445 F. Supp. 3d 831 (S.D. Cal. 2020) (adding costs of employees' time in a spreadsheet is basic arithmetic and proper lay testimony); *Roost Project, LLC v. Andersen Constr. Co.*, No. 1:18-CV-00238-CWD, 2020 WL 13094357, at *8 (D. Idaho Oct. 24, 2020) (lay testimony permitted for "straightforward mathematical calculations").  This is in contrast to complex mathematical calculations.  *See e.g., Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098, 1107 (D. Ariz. 2019) ("straightforward calculations [are] generally permitted by courts from lay witnesses" where as "sophisticated financial concepts including 'learning curves,' 'fully trained rates,' 'break even rates,' and 'break even points'" may be more properly introduced through expert testimony.)

        Defendants' concerns that the District might attempt to call Mr. Brody as a fact witness to offer expert testimony is misguided and contrary to prior assurances made by the District.  Defendants cite to no authority for the proposition that the reasonableness of costs in this context must be established by expert opinion.  But even if they did, the District made clear during the parties' meet and confer telephone conference on January 3, 2024, that if called as a fact witness, Mr. Brody would not be asked in that capacity to provide an expert opinion.  Van Eaton Decl. at ¶2.  Additionally, Defendants' misrepresentation that the District "stated that it intended to call Brody as fact witness to testify on damages" is just wrong.  ECF 250-1 at 2 (emphasis added).  Defendants' motion conflates costs and damages, but those terms are not interchangeable.  As the District stated in its January 5, 2024, email to all counsel, it intends to call Mr. Brody in his capacity as a fact witness to testify as to "his tabulation of total costs incurred since February 14, 2016."  Van Eaton Decl. Ex. 1 at 5 (emphasis added).  Mr. Brody may separately be called to offer expert testimony as to the recoverably of CERCLA costs if Defendants attempt to present expert testimony on the issue, as discussed below.  But that is quite separate from the basic fact testimony at issue here.

        Defendants also argue that Mr. Brody must have been designated as a 30(b)(6) designee in order to be a fact witness on damages (ECF 250-1 at 9), but there is no such requirement for a witness to offer fact testimony.  Nor is there any evidence supporting Defendants' allegation that Plaintiff "concealed"

6

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

Mr. Brody's involvement during the 30(b)(6) deposition of Alan Reising, one of four witnesses designated to be deposed on the 30(b)(6) topics Defendants put at issue.

### B. Mr. Brody May Properly Rebut Purported Expert Testimony as to Past CERCLA Response Costs at Trial

As detailed in Plaintiff's motion to exclude the testimony of Mr. Hokkanen, Mr. Hokkanen's expert testimony should be precluded in its entirety. ECF 254, 254-1. In the event Mr. Hokkanen is permitted to testify in an expert capacity as to the City and Island Company's recoverable costs under CERCLA, Mr. Brody may properly rebut that testimony, just as he did in his rebuttal expert report.

In his expert report and deposition, Mr. Brody was within proper scope when he identified errors in Mr. Hokkanen's analysis and opinion as to the City and Island Company's recoverable CERCLA costs and total costs attributable to different geographic portions of the site. Mr. Hokkanen put the costs—including Plaintiff's past costs—at issue in his affirmative report. Van Eaton Decl. Ex. 3 at 17-20, Ex. C; Ex. 4. Moreover, Mr. Hokkanen conceded that he corrected errors in his expert report—including his opinion as to City and Island Company's recoverable costs and total past costs—in direct response to Mr. Brody's expert rebuttal report. Van Eaton Decl. Ex. 7 at 31:16-24; 32:17-19 (confirming that all corrections were made in response to Mr. Brody's rebuttal report). If Mr. Hokkanen is permitted to testify at the jury or bench trial on these subjects, Mr. Brody should be permitted to rebut Mr. Hokkanen's analysis and opinions, just as he did during expert discovery.

Defendants also fails to explain how Mr. Brody's proposed rebuttal testimony on costs from 2012 onward—in response to Mr. Hokkanen's opinions covering the same period—could violate the Court's August 17, 2021, Partial Summary Judgment Order, or otherwise be irrelevant and prejudicial. Defendants' assertion is especially puzzling considering Mr. Hokkanen put that period at issue *after* the Court's August 17, 2021, Order was issued.

In sum, should Defendants be permitted introduce expert testimony on the recoverability of their purported CERCLA response costs, Mr. Brody may once again properly rebut those opinions.

7

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

### C. Mr. Brody's Expert Opinions as to Future Remediation Costs are Also Admissible

#### 1. Future Costs Projections Are Within Scope

In the Ninth Circuit, rebuttal testimony is proper so long as it provides "evidence which denies, explains, qualifies, disproves, repels, or otherwise sheds light on evidence offered by" the adverse party. *United States v. Webb*, 115 F.3d 711, 719 n. 5 (9th Cir. 1997), *abrogated on other grounds* by *United States v. Espinoza-Valdez*, 889 F.3d 654 (9th Cir. 2018) (internal quotations omitted). There are not rigid parameters around the scope of rebuttal testimony, despite Defendants' suggestion otherwise, and Defendants cite no Ninth Circuit jurisprudence to support their claim. Nor do Defendants cite to any authority for the proposition that a rebuttal opinion must be "directly contradicting and explaining material issues" to be proper. ECF 250-1 at 5. That is simply not the law in this circuit. Rather, district courts in the Ninth Circuit have "broad discretion in deciding what constitutes proper rebuttal evidence." *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991).

Here, Mr. Brody's expert opinions regarding remedial costs to be incurred at the site in the future are proper for refuting Mr. Hokkanen's misleading and inaccurate opinion in his report "that work performed at the Avalon School under the Order is largely complete," and any similar expert testimony as to site status offered by Defendants at the jury or bench trial. Van Eaton Decl. Ex. 3 at 21. There is nothing improper about Mr. Brody using projections of future remediation costs as his basis for this rebuttal opinion to Mr. Hokkanen's representation that following the completion of RAP Phase 2, remediation work at the site would essentially be complete.[4] Mr. Brody's calculations of future costs were offered to refute Mr. Hokkanen's mischaracterization of the status of remediation work at the site, and would similarly be proper if offered for this purpose at trial. Evidence of future costs unquestionably qualifies, disproves, and/or repels by demonstrating that measurable additional remediation work will be required, even after completion of RAP Phase 2. *See Webb*, 115 F.3d at 719 n. 5. Nor is it material that Mr. Hokkanen purportedly employed a different methodology than the

---

[4] As explained further in Plaintiff's Opposition to Defendants' Motion in *Limine* to Exclude Material re Plaintiff's Future Damages and Costs, filed concurrently herewith, the District's ongoing compliance with the Soil Management Plan (SMP) will necessarily result in future remediation related costs each time there are measurable soil disturbance activities at the Avalon School. Because the SMP is incorporated by reference into the Land Use Covenant (which is filed in the Los Angeles County Official Records Recorders Office), the District's remediation obligations will run with the land in perpetuity unless/until DTSC issues a No Further Action determination for the entire Avalon Property.

8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINTIFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

projection of future costs when reaching his opinion as to site status. "Offering a different, purportedly better methodology is a proper way to rebut the methodology of another expert." Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also California Dep't of Toxic Substances Control v. NL Indus., Inc.*, 636 F. Supp. 3d 1092, 1142 (C.D. Cal. 2022) (declining to exclude rebuttal testimony as outside of scope of rebuttal testimony because use of a different method (microscopy) from the opposing expert was not improper rebuttal); *Chaffey Joint Union High Sch. Dist. v. Fieldturf USA, Inc.*, No. EDCV 16–00204–JGB (DTBx), 2017 WL 3049567 (C.D. Cal. Mar. 10, 2017) (allowing plaintiff's expert rebuttal testimony on damages calculations that differed from defendant's calculations without requiring plaintiff to have affirmatively designated a damages expert).

To the extent that Plaintiff seeks to offer Mr. Brody's rebuttal expert testimony at trial, Plaintiff agrees that such testimony is appropriately offered only after such time that Defendants introduce an affirmative expert opinion, by Mr. Hokkanen or others. A blanket exclusion on Mr. Brody's expert rebuttal opinion based on scope, however, is unwarranted.

### 2. Affirmative Expert Testimony by Mr. Brody Regarding Future Costs Would Also Be Proper Under the Facts of the Case

Should the Court view Mr. Brody's expert opinions on additional remediation to be performed at the Avalon School, as demonstrated by projections of future costs, as exceeding the scope of rebuttal testimony, Plaintiff respectfully requests leave to redesignate Mr. Brody as an affirmative expert on this issue. Defendants would not be prejudiced by redesignation. Mr. Brody already presented his opinions in an expert report and Defendants deposed Mr. Brody on his opinions. In fact, Defendants spent the majority of Mr. Brody's deposition focused on his calculation of future costs using his Monte Carlo analysis. Defendants later relied on Mr. Brody's expert opinions regarding future costs in their Motion for Summary Judgment on Plaintiff's nuisance claim. *See, e.g.*, ECF 222-1 at 47. It would be disingenuous for Defendants to now argue prejudice by the admission of testimony they relied on to dismiss the District's case.

9

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

### 3. Defendants' Reliance on Mr. Brody's Opinions on Future Costs Confirms the Evidence is Relevant, and Any Concerns Can be Address through Jury Instructions

Future costs are relevant to rebutting any claim at trial, by Mr. Hokkanen or others, that remediation work at the Avalon School is complete or largely complete, as Mr. Hokkanen suggested in his expert report. Moreover, although the *purpose* of Mr. Brody's expert opinions was to refute Mr. Hokkanen's claim, they are also relevant to the question for the jury of whether the nuisance can be abated by reasonable costs. The Court's recent ruling acknowledges it would be proper the jury to consider Mr. Brody's future costs projections as evidence of abatability:

> The Court also finds it appropriate for the jury to decide, based on the evidence, whether such standards may be met at reasonable costs by reasonable means. Here, Defendants point to the fact that there is expert testimony that abatement would occur between 13 to 36 years and at a cost of $26 to 87 million . . . a jury could find whether such costs and means are reasonable.

ECF 241 at 17.

Defendants also fail to demonstrate how any potential prejudice substantially outweighs the probative value of testimony regarding the District's incurrence of future remediation costs. In fact Defendants' sole prejudice concern—that "a jury may improperly take into account future damages in considering whether to award past damages"—can readily be resolved with an appropriate jury instruction. ECF 250-1.

### III. CONCLUSION

The District respectfully requests that the Court deny Defendants' motion in its entirety. Mr. Brody's fact testimony based on years of personal knowledge will be invaluable for clarifying a key fact in the case—total remediation costs incurred by Plaintiff—and promoting trial efficiency. Mr. Brody's expert opinions constitute proper rebuttal testimony and should be permitted if and when Defendants puts the recovery of its own purported past costs and/or future remediation work at issue.

10

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

|    |                                       |
|----|---------------------------------------|
| 1  |                     Respectfully submitted, |
| 2  |                                       |
| 3  | Dated: January 24, 2024        BEVERIDGE & DIAMOND, P.C. |
| 4  |                     By: /s/ Joshua Van Eaton |
|    |                     Joshua Van Eaton  |
| 5  |                                       |
| 6  |                     BEVERIDGE & DIAMOND, P.C. |
|    |                     Joshua Van Eaton (*Pro Hac Vice*) |
| 7  |                     John C. Cruden (SBN 63476) |
|    |                     1900 N Street, NW, Suite 100 |
| 8  |                     Washington, DC 20036 |
|    |                     Telephone:  (202) 789-6000 |
| 9  |                     Facsimile:  (202) 789-6190 |
| 10 |                     Gary J. Smith (SBN 141393) |
|    |                     456 Montgomery Street, Suite 1800 |
| 11 |                     San Francisco, CA 94104-1251 |
| 12 |                     Telephone:  (415) 262-4000 |
|    |                     Facsimile:   (415) 262-4040 |
| 13 |                                       |
| 14 |                     Michael Vitris (*Pro Hac Vice*) |
|    |                     400 West 15th Street, Suite 1410 |
| 15 |                     Austin, TX 78701  |
|    |                     Telephone:   (410) 230-1300 |
| 16 |                                       |
| 17 |                     Erika H. Spanton (*Pro Hac Vice*) |
|    |                     600 University Street, Suite 1601 |
| 18 |                     Seattle, WA 98101 |
|    |                     Telephone:  (512) 391-8000 |
| 19 |                                       |
| 20 |                     ATKINSON ANDELSON LOYA RUUD AND ROMO |
|    |                     Scott Jordan Sachs (SBN 213737) |
| 21 |                     12800 Center Court Drive, Suite 300 |
| 22 |                     Cerritos, CA 90703 |
|    |                     Telephone: (562) 653-3599 |
| 23 |                     Facsimile:  (562) 653-3951 |
| 24 |                     WFBM, LLP       |
|    |                     Sage R. Knauft (SBN 194396) |
| 25 |                     One City Boulevard West, Fifth Floor, |
|    |                     Orange, CA 92868-3677 |
| 26 |                     Telephone: (714) 634-2522 |
| 27 |                     Facsimile:  (714) 634-0686 |
| 28 |                              11       |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS

*Attorneys for Plaintiff/Counterdefendant*
LONG BEACH UNIFIED SCHOOL DISTRICT

12

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE, IN WHOLE OR IN PART, NEAL BRODY FROM TESTIFYING AS TO PLAINITFF'S PAST OR FUTURE DAMAGES;
Case # 2:19-cv-01139-MEMF-AS