Joshua Van Eaton (*Pro Hac Vice*)
jvaneaton@bdlaw.com
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Facsimile: (202) 789-6190

Attorney for Plaintiff/Counterdefendant
Long Beach Unified School District

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG BEACH UNIFIED SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA CATALINA ISLAND COMPANY and CITY OF AVALON,<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. 2:19-cv-01139-MEMF (ASx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE MATERIAL REGARDING PLAINTIFF'S FUTURE DAMAGES AND COSTS**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Hearing Date: February 7, 2024<br>Hearing Time: 2:00 pm PT<br>Court Room: 8B<br><br>Complaint Filed: February 14, 2019<br>Trial Date: March 25, 2024 |

## I. INTRODUCTION

Defendants' motion conflates future costs and future damages, but those terms are not interchangeable. Whether future *costs* will be incurred to remediate the nuisance at the Avalon School site is relevant to a continuing nuisance claim because such costs relate to the abatability of the contamination at the site. Future *damages* by contrast are not recoverable for a continuing nuisance claim like the one Plaintiff Long Beach Unified School District pursues here. Plaintiff will present evidence of future costs to the jury relevant to abatability but will not seek an award of future monetary damages.

Future costs are also directly relevant to the Abatement Order equitable remedy the District seeks in this case. And lest there be any confusion, the Abatement Order is "not a 'thinly-disguised' damages award," but rather an equitable remedy designed to "eliminate the hazard that is causing prospective harm to the plaintiff." *People v. ConAgra Grocery Prod. Co.*, 17 Cal. App. 5th 51, 132, 227 Cal.Rptr.3d 499 (2017) ("An abatement order is an equitable remedy, while damages are a legal remedy.").

Defendants' concern that evidence about the District's incurrence of future costs would prejudice or confuse the jury could be readily addressed with a jury instruction. Defendants' motion should be denied.

## II. BACKGROUND

Plaintiff's remaining claim in this action is for continuing nuisance. In its December 23, 2023 decision denying Defendants' Motion for Summary Judgment, the Court found that DTSC's site-specific remedial goals constituted the standards for abatement for the Avalon School. ECF 241 at 17. The Court also found that it was "appropriate for the jury to decide, based on the evidence, whether such standards may be met at reasonable costs by reasonable means." ECF 241 at 17, lines 6-7.

The District has already remediated certain discrete areas of the campus to DTSC's standards for abatement, and will continue to manage additional contamination consistent with the DTSC-mandated Land Use Covenant ("LUC") and Soil Management Plan ("SMP") for the foreseeable future. *See* Declaration of Joshua Van Eaton, January 24, 2024 ("Van Eaton Decl.") Exs. 1, 2. The District's ongoing compliance with the SMP will necessarily result in future remediation related costs each time

2

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE MATERIALS REGARDING PLAINTIFF'S FUTURE DAMAGES AND COSTS; Case # 2:19-cv-01139-MEMF-AS

there are measurable soil disturbance activities at the Avalon School. For example, the SMP requires that for any planned soil disturbances greater than 10 cubic feet in areas with known or suspected ongoing contamination, the District will first need to test the soil for known site contaminants of concern ("COCs"), as well as other potential COCs, and potential archaeological materials. Van Eaton Decl. Ex. 2 at LBUSD_LP00445726-727. If contamination is found, the District will then need to remediate the area of impacted soil to meet DTSC's remedial goals for the site. Van Eaton Decl. Ex. 2 at LBUSD_LP00445718; 726-727. Additional costs associated with ongoing SMP compliance include health and safety training, human health protective measures, annual inspections, soil sampling and contaminated soil disposal, and DTSC oversight costs. Van Eaton Decl. Ex. 2 at LBUSD_LP00445719-724. In addition, the District must comply with the South Coast Air Quality Management District's air monitoring rules when excavating soil under the SMP. Van Eaton Decl. Ex. 2 at LBUSD_LP00445730-731. Because the SMP is incorporated by reference into the LUC (which is filed in the Los Angeles County Official Records Recorders Office), these obligations will run with the land in perpetuity unless DTSC issues a No Further Action determination for the entire Avalon Property. Van Eaton Decl. Exs. 1, 2.

Defendants incorrectly claim that "Plaintiff is not intending to provide testimony regarding future costs…" The District clearly explained during the parties' meet and confer process about motions in limine that "[e]vidence of future costs is relevant to establishing abatability under the current law of the case (*see* Dkt. 241 at page 17, lines 6-7)." Van Eaton Decl. Ex. 3 at 5.

### III.   ARGUMENT

#### A.   The District is Not Seeking to Introduce Evidence of Future Damages

The District is not offering expert (or lay) opinion on future damages; but Mr. Brody does properly rebut Defendants' cost expert Mr. Gary Hokkanen's expert opinion. In his expert report, Mr. Hokannen, opined that "the work performed at Avalon School under the Order is largely complete."[1] Van Eaton Decl. Ex. 4 at 21. Mr. Brody properly rebuts these assertions and his calculations as to future

---

[1] Though Mr. Hokkanen later concedes that the SMP "will be used for any future modernization, excavation or construction activities that may take place at Avalon School." Van Eaton Decl. Ex. 4 at 22.

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE MATERIALS REGARDING PLAINTIFF'S FUTURE DAMAGES AND COSTS; Case # 2:19-cv-01139-MEMF-AS

costs show that the remediation work at the Avalon School is not "largely complete."[2] Van Eaton Decl. Ex. 5. Mr. Brody rebutted this opinion with evidence of future remediation work to be performed at the Avalon School; he did not opine on future damages, nor will he if called as a rebuttal expert witness at trial.

### B. Evidence of Future Costs is Relevant to the Issue of Abatability

There is no serious question that evidence of future costs is relevant to abatability under the law of the case. Defendants improperly blur the distinction between future costs and future damages in their overbroad motion to exclude evidence that future costs will be incurred to remediate the Avalon School. Plaintiff has made clear that it is not attempting to recover any specific amount of prospective damages, nor is it offering lay witness opinion testimony on that subject.

DTSC has already provided its expert conclusion that the nuisance is abatable by establishing remedial goals for site cleanup and approving the SMP. Van Eaton Decl. Ex. 6. Moreover, the Court has already determined it is an issue for the jury to decide whether the contamination at the site can be abated to the standards set by DTSC by reasonable costs and means. ECF 241 at 17, lines 6-7. Evidence of costs to be incurred in the future to satisfy DTSC standards informs the "reasonable cost and by reasonable means" inquiry, and is clearly probative.

Defendants seek to hide this evidence from the jury by seeking to exclude Mr. Brody's expert testimony. *See* ECF 250-1 (City of Avalon's Motion *in Limine* to exclude Neal Brody). Defendants' motion is so broad that it could exclude other evidence in the record that is relevant to future costs, and therefore abatability, that is not expert (or lay) opinion testimony, including DTSC's own conclusion that the nuisance is abatable. Such an outcome would be inconsistent with Rule 403's preference to admit probative evidence.

### C. Evidence of Future Costs is Relevant to the Abatement Order

In addition to seeking past damages, Plaintiff also seeks equitable relief in the form of an Abatement Order that will address the payment of future costs of remediation resulting from ongoing

---

[2] Defendants' motion is overbroad in that it seeks to exclude evidence "as to future costs" without limitation based on what appears to be an unexpressed assumption that Mr. Brody would provide the only evidence of future costs. Defendants make this mistake by also assuming that an expert is required to admit evidence of costs of remediation.

4

compliance with the SMP if and when those costs arise through routine maintenance or capital projects. For example, if the Avalon School needs to replace a plumbing line under a building or otherwise disturb potentially impacted soil, the District (1) must hire specially-trained contractors; (2) ensure that all contractors have the appropriate protective gear as required by the SMP; (3) test disturbed soil for potential contaminants of concerns; (4) comply with applicable air monitoring requirements; and (5) remediate any soil contaminated above the remedial goals to satisfy DTSC's clean-up standards for the site (i.e., standards for abatement under the law of the case). The Abatement Order will set forth how these future remediation costs shall be paid by the parties if and when they do arise. To the extent the Abatement Order provides for an abatement fund, specific projected future costs will also serve as helpful benchmarks for the Court in setting the initial fund amount.

### D. There is No Unfair Prejudice to Defendants

Defendants' unsupported allegations of potential unfair prejudice are insufficient to exclude evidence that the District will incur future costs to remediate the Avalon School site. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)). Defendants offer no analysis as to how this purported prejudice substantially outweighs probative value, as required under Fed. R. Evid. 403. Moreover, Defendants offer no explanation as to why these vague concerns could not be addressed by a jury instruction, which is the proper way to address the risk of prejudice from relevant, probative evidence. Rule 403 "favors admissibility," *Hankey* at 1172, and "the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id.* (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)).

The District, however, would be extremely and unfairly prejudiced if evidence that future remediation costs will be incurred are excluded from the trial. That is, of course, the Defendants' objective. Defendants wish to make it impossible for the District to prevail on its continuing nuisance claim, and the existence of the future costs bear directly on the issue of abatability. Defendants attacked

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE MATERIALS REGARDING PLAINTIFF'S FUTURE DAMAGES AND COSTS; Case # 2:19-cv-01139-MEMF-AS

1  the District's nuisance claim on the merits in their second summary judgment motion, previewing the
2  same argument then that they now make under the guise of an evidentiary motion: "[p]laintiff has
3  entirely failed to produce any evidence that the nuisance could be remediated at reasonable cost by
4  reasonable means…". ECF 222-1 at 47-48. The Court disagreed, "find[ing] it appropriate for the jury
5  to decide, *based on the evidence*, whether [DTSC approved site-specific remedial goals] may be met at
6  reasonable costs by reasonable means." ECF 241 at 17, lines 6-7 (emphasis added). And now,
7  Defendants seek to keep the evidence from the jury, attempting a second bite at the apple. Defendants'
8  motion in limine is effectively another motion for summary judgment on the issue of abatability in a
9  continuing nuisance action because to preclude evidence that the District will incur future remediation
10 costs is to vitiate its nuisance claim. *See Colby v. Newman*, No. 2:11-cv-07413-SVW (RZx), 2012 WL
11 12885118, at *1 (C.D. Cal. Nov. 20, 2012) ("[B]eneath the evidentiary pretext, Defendants in fact aim to
12 attack this claim for relief on the merits. This argument may be properly raised in a motion for summary
13 judgment, but not a motion in limine."). Defendants' motion should be denied.

## IV. CONCLUSION

Evidence of future costs would be submitted to the jury as relevant evidence of the abatability of the nuisance caused by Defendant. The jury should not be precluded from receiving evidence regarding the costs and means of abatement at the site while being required to determine whether the costs and means of abatement are reasonable. The District should be permitted to present evidence as to the future cleanup costs, and Defendants' overbroad motion should be denied.

Respectfully submitted,

Dated: January 24, 2024                    BEVERIDGE & DIAMOND, P.C.

                                           By:  /s/ Joshua Van Eaton
                                           Joshua Van Eaton

                                           BEVERIDGE & DIAMOND, P.C.
                                           Joshua Van Eaton (*Pro Hac Vice*)
                                           John C. Cruden (SBN 63476)
                                           1900 N Street, NW, Suite 100
                                           Washington, DC 20036

6

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE MATERIALS REGARDING PLAINTIFF'S FUTURE DAMAGES AND COSTS; Case # 2:19-cv-01139-MEMF-AS

Telephone: (202) 789-6000
Facsimile: (202) 789-6190

Gary J. Smith (SBN 141393)
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Telephone: (415) 262-4000
Facsimile: (415) 262-4040

Michael Vitris (*Pro Hac Vice*)
400 West 15th Street, Suite 1410
Austin, TX 78701
Telephone: (410) 230-1300

Erika H. Spanton (*Pro Hac Vice*)
600 University Street, Suite 1601
Seattle, WA 98101
Telephone: (512) 391-8000

ATKINSON ANDELSON LOYA RUUD AND ROMO
Scott Jordan Sachs (SBN 213737)
12800 Center Court Drive, Suite 300
Cerritos, CA 90703
Telephone: (562) 653-3599
Facsimile: (562) 653-3951

WFBM, LLP
Sage R. Knauft (SBN 194396)
One City Boulevard West, Fifth Floor,
Orange, CA 92868-3677
Telephone: (714) 634-2522
Facsimile: (714) 634-0686

*Attorneys for Plaintiff/Counterdefendant*
LONG BEACH UNIFIED SCHOOL DISTRICT

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE MATERIALS REGARDING PLAINTIFF'S FUTURE DAMAGES AND COSTS; Case # 2:19-cv-01139-MEMF-AS