UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG BEACH UNIFIED SCHOOL DISTRICT,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CATALINA ISLAND COMPANY and CITY OF AVALON,<br><br>  Defendants. | Case No.: 2:19-cv-01139-MEMF-AS<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS *IN LIMINE* [ECF NOS. 254, 255], AND DEFENDANTS' MOTION *IN LIMINE* [ECF NOS. 247–253]** |

Before the Court are two (2) motions *in limine* filed by Plaintiff (ECF Nos. 254, 255), and seven (7) motions *in limine* filed by Defendants (ECF Nos. 247–253). For the reasons stated herein, the Court rules on Plaintiff's motions and Defendants' motion as described below.

**I.     Background**

  **A.  Factual Background**

Plaintiff Long Beach Unified School District ("LBUSD") owns and operates the Avalon School Campus, composed of land parcels purchased from Defendants Santa Catalina Island Company ("the Island Company") and City of Avalon (the "City," and, collectively, "Defendants") in various transactions throughout the 1900s. This case concerns LBUSD's allegations that

1  Defendants' prior ownership and operation of the properties that eventually came to be the Avalon
2  School Campus caused contamination of toxic substances that LBUSD continues to remediate.

### B. Procedural History

On February 14, 2019, LBUSD filed its Complaint alleging: (1) cost recovery pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C § 9607; (2) declaratory relief under 42 U.S.C. § 9613; (3) declaratory relief under 28 U.S.C. §§ 2201, 2202; (4) equitable indemnity and contribution; and (5) continuing public and private nuisance. ECF No. 1 ("Complaint").

On May 17, 2021, Defendants filed a Motion for Partial Summary Judgment on LBUSD's first four causes of action, and partially on the fifth action. ECF No. 76. On August 17, 2021, Judge John Walter issued an order granting Defendants' Motion for Partial Summary Judgment in its entirety. ECF No. 114. As a result, the only surviving claim is LBUSD's claim for private nuisance. *Id*. at 18. Moreover, LBUSD's claim for continuing private nuisance is limited to recovery for damages sustained on or after February 14, 2016. *Id*. at 18.

The Island Company has brought counterclaims against LBUSD and crossclaims against the City. ECF No. 10. The City has also brought counterclaims against LBUSD and crossclaims against SCIC. ECF No. 13. In response to Defendants' counterclaims, LBUSD has also asserted a contribution counterclaim under CERCLA. ECF No. 203.

On February 10, 2022, the case was reassigned to this Court. ECF No. 177. On June 6, 2023, Defendants sought leave to file a second motion for summary judgment, which the Court granted on July 21, 2023. ECF Nos. 209, 215.

On October 14, 2023, Defendants filed an instant Motion for Summary Judgment ("MSJ") on LBUSD'S remaining cause of action. ECF No. 222. Also on October 14, 2023, LBUSD filed an instant Motion for Partial Summary Judgment ("MPSJ") on portions of Defendants' affirmative defenses. ECF No. 225. On December 27, 2023, this Court issued an order denying Defendants' MSJ while granting in part LBUSD's MPSJ. ECF No. 241. Specifically, the Court granted summary judgment as to Island Company's (1) permanent nuisance defense; (2) unavoidable circumstance defense; and (3) unjust enrichment defense, the City's identification and contribution defense, and

Defendants' incorporation defense. *Id*. However, the Court granted the City's request to add a contributory and comparative negligence defense. *Id*.

On January 10, 2024, LBUSD filed two (2) motions in *limine*. ECF Nos. 254, 255. Defendants filed oppositions to these motions on January 24, 2024. ECF Nos. 262, 258. On January 10, 2024, Defendant Island Company filed three (3) motions in *limine*. ECF Nos. 247–249. Also, on January 10, 2023, Defendant City filed four (4) motions in *limine.* ECF Nos. 250–253. LBUSD filed oppositions to these motions on January 24, 2024. ECF Nos. 259–261, 263–266.

The Court held oral argument on the motions on February 8, 2024.

## II. Applicable Law

### A. Motions *in limine*

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

### B. Federal Rule of Civil Procedure 26

#### i. FRCP 26(a)(2)

Under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose an expert witness and submit an accompanying report prepared by the witness. Fed. R. Civ. P. 26(a)(2)(A)–(B). This written report must contain, in part: (1) a complete statement of all opinions expressed by the witness and the "basis and reasons for them"; (2) the facts and data used by the witness in forming his or her opinions; and (3) the exhibits that will be used to support or summarize the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii).

1 | Further, absent a stipulation or a court order, expert disclosures must be made "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). "[T]he function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005); *see also United States v. Webb*, 115 F.3d 711, 719 n. 5 (9th Cir. 1997) *abrogated on other grounds by United States v. Espinoza-Valdez*, 889 F.3d 654 (9th Cir. 2018) *quoting* 1 Graham, § 611.3, at 819 ("The proper scope and function of rebuttal is thus refutation, which involves evidence which denies, explains, qualifies, disproves, repels, or otherwise sheds light on evidence offered by the defense[.]"); Black's *Law Dictionary* 1295 (8th ed.) (defining "rebut" as "to refute, oppose, or counteract (something) by evidence, argument, or contrary proof"); *see also U.S. v. Collins*, 90 F.3d 1420 (9th Cir. 1996) (finding the district court did not abuse its discretion by admitting rebuttal evidence of burglary to counter the adverse party's evidence). Rebuttal evidence may be used to challenge "the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief."). The scope of rebuttal evidence is within the "broad discretion" of the court. *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991) ("The district court has broad discretion in deciding what constitutes proper rebuttal evidence."); *see also Geders v. United States*, 425 U.S. 80, 86 (1976) ("Within limits, the judge may control the scope of rebuttal testimony[.]" (internal citations omitted)).

**C. Federal Rule of Evidence 105**

The Court may admit evidence for a limited purpose and instruct the jury accordingly. Under Federal Rule of Evidence 105, "if the Court admits evidence that is admissible against a party or for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105.

/ / /

/ / /

**D. Federal Rules of Evidence 401 & 403**

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on-the-spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), cert. denied, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

**E. Federal Rules of Evidence 701, 702 & 703**

Under Federal Rule of Evidence 701, a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. "Rule 701(a) contains a personal knowledge requirement." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that

1  the witness has personal knowledge of the matter"). "In presenting lay opinions, the personal
2  knowledge requirement may be met if the witness can demonstrate firsthand knowledge or
3  observation." *Lopez*, 762 F.3d at 864.
4        The opinion testimony of lay witnesses must be "predicated upon concrete facts within their
5  own observation and recollection—that is facts perceived from their own senses, as distinguished
6  from their opinions or conclusions drawn from such facts." *United States v. Durham*, 464 F.3d 976,
7  982 (9th Cir. 2006) (quoting *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982)). Accordingly,
8  "[a] lay witness's opinion testimony necessarily draws on the witness's own understanding,
9  including a wealth of personal information, experience, and education, that cannot be placed before
10 the jury." *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014). But a lay opinion witness
11 "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements."
12 *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).
13       The personal knowledge requirement for lay witnesses does not apply to expert testimony.
14 Fed. R. Evid. 602. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f
15 scientific, technical, or other specialized knowledge will assist the trier of fact to understand the
16 evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995)
17 (quoting FED. R. EVID. 702). While Courts may reject wholly speculative or unfounded testimony, it
18 abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's
19 remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express
20 opinions without published support if they provide an explanation of why such publications are
21 unavailable. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding
22 speculation speaks to weight, not reliability. *Elosu*, 26 F.4th at 1025.
23       "An expert may base his opinion at trial on inadmissible facts and data of a type reasonably
24 relied upon by experts in the field." *United States v. Gonzales*, 307 F.3d 906, 910 (9th Cir. 2002)
25 (citing Fed. R. Evid. 703). However, "[i]f the facts… would otherwise be inadmissible, the
26 proponent of the opinion may disclose them to the jury only if their probative value in helping the
27 jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. When
28 inadmissible evidence is used by an expert under Federal Rule of Evidence 703, it is "necessary for

the court to instruct the jury that the [otherwise inadmissible] evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence." *United States v. 0.59 Acres of Land*, 109 F.3d 1493, 1496 (9th Cir. 1997) (citation omitted).

### F. Federal Rules of Evidence 801, 802, 803, & 807

As defined by Federal Rule of Evidence 801, "hearsay" is an out-of-court statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. A statement includes "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *Id.* Under Federal Rule of Evidence 802, hearsay evidence is inadmissible unless otherwise provided by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

Under Federal Rule of Evidence 803, the following are not excluded by the rules against hearsay, regardless of whether the declarant is available as a witness: "(1) *Present Sense Impression*: A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it…(2) *Recorded Recollection*. A record that is (a) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (b) was made or adopted by the witness when the matter was fresh in the witness's memory; and (c) accurately reflects the witness's knowledge… (16) *Statements in Ancient Documents*. A statement in a document that was prepared before January 1, 1998, and whose authenticity is established… (20) *Reputation Concerning Boundaries or General History*. A reputation in a community — arising before the controversy — concerning boundaries of land in the community or customs that affect the land, or concerning general historical events important to that community, state, or nation." Fed. R. Evid. 803.

Under Federal Rule of Evidence 807, "a hearsay statement is not excluded by the rule against hearsay… if (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807.

### III. Discussion

LBUSD moves to exclude at trial (1) expert opinion testimony and opinion from Gary Hokkanen (ECF No. 254); and (2) testimony from Mark Zeko (ECF No. 255).

The Island Company moves to exclude at trial (1) out of court statements made by Chester D'arcy (ECF No. 247); (2) testimony about the Island Company's status as a contractor for the school site (ECF No. 248); and (3) remedial work and associated costs incurred at the school site prior to 2016 (ECF No. 249).

The City moves to exclude at trial (1) expert opinion testimony and opinion from Neal Brody (ECF No. 250); (2) evidence about LBUSD's future damages and costs (ECF No. 251); (3) introduction of post-complaint or improperly disclosed damages (ECF No. 252); and (4) describing activities prior to the incorporation of the City of Avalon as activities conducted by the City. (ECF No. 253). At the hearing, counsel for the City stated that there were recent events that were relevant to the Court's decision on the City's MIL Nos. 1 and 3. Accordingly, the Court grants the parties supplemental briefing to address the City's MIL Nos. 1 and 3 and does not rule on them at this time.

### A. Expert testimony of Gary Hokkanen shall be excluded from the jury trial (LBUSD's Motion *in limine* No. 1, ECF No. 254).

LBUSD requests that the Court order that Defendants' expert, Gary Hokkanen, should not be permitted to testify because he is not qualified, and his opinions are not reliable. ECF No. 254-1 at 2–4. Under Federal Rules of Evidence 702, an expert's testimony must be the product of reliable principles and methods and reflect a reliable application of those principles and methods to the facts of the case. Fed. R. Evid. 702(c)–(d). LBUSD argues that Hokkanen failed to apply scientific methodology to support his opinions regarding (1) the cause of the contamination of the school site; (2) whether Defendants' response costs to the contaminants were appropriate under CERCLA; and (3) DTSC's decision regarding cleanup efforts at the school site. ECF No. 254-1 at 5–11.

Defendants argue that Hokkanen successfully applied scientific methodology to support his opinions. ECF No. 262 at 1–2. Specifically, Defendants argue that Hokkanen's comparison of environmental data generated between the subject school site and other school sites is a common methodology used by environmental consultants to determine a cause of contamination. ECF No.

8

262-1 at 6–7. Defendants also argue that Hokkanen applied an invoice-by-invoice analysis to categorize costs incurred by Defendants in response to DTSC's order. ECF No. 262-1 at 8. Lastly, Defendants argue that the issue of Hokkanen's opinion about DTSC's decisions related the school site is moot because DTSC subsequently issued a certification stating that all appropriate remedial actions have been completed. ECF No. 262-1 at 9.

The Court GRANTS the Motion with respect to the presentation of Opinion 1 at the jury trial; the Defendants have already asserted that they will not present Opinions 2-4 at the jury trial. The Court finds that the failure to apply a scientific methodology or even simple correlation-versus-causation logic to the school site comparisons renders Hokkanen's opinion unreliable and not helpful to the jury. The simple fact that certain contaminants found at the sites at issue are also found at other school sites is not helpful to show the source of those contaminants—particularly in the absence of information about all of the other school sites or any rigorous attempt to compare the activities at the various sites to each other and connect the activities to the contaminants. Moreover, the Court does not find that Hokkanen's reliance on a report generally describing the "typical" sources of contaminants "to look for" at "older schools" to be sufficient to create this causal link to a degree sufficient to send to a jury. The parties can raise the question of Hokkanen's potential testimony at the bench trial after the conclusion of the jury trial.

**B. Expert testimony of Mark Zeko shall be permitted LBUSD's Motion *in limine* No. 2, ECF No. 255).**

LBUSD requests that the Court order that Mark Zeko, the corporate representative of third-party consultant Environmental Engineering & Contracting Inc. ("EEC"), should not be permitted to testify at trial because Defendants unilaterally cancelled his deposition. ECF No. 255 at 3. LBUSD notes that Zeko's deposition was scheduled for January 18, 2022, and was cancelled on January 14, 2022. ECF No. 255 at 3. Under Federal Rules of Evidence 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403. LBUSD argues that they will suffer unfair prejudice if Zeko testifies at trial because (1) Defendants strategically cancelled Zeko's deposition on the final day of discovery to prevent LBUSD from seeking relief; (2) Zeko's conduct inappropriately exceeded its role as a neutral third-

1  party consultant in favor of Defendants; (3) Defendants improperly obstructed LBUSD's third-party

2  subpoena requesting EEC's Person Most Qualified, Zeko, from appearing at his deposition; and (4)

3  Defendants have unilateral access to EEC's documents. ECF No. 255-1 at 5–10.

4      Defendants argue that LBUSD deprived themselves of the opportunity to compel EEC to

5  appear for the deposition because LBUSD failed to (1) schedule the deposition in accordance with

6  the Court's Second Amended Scheduling and Case Management Order; (2) properly serve the

7  subpoena and notice and comply with obligations set forth by Federal Rule of Civil Procedure

8  30(b)(6); and (3) seek other means for relief at the time the dispute arose. ECF No. 258 at 4.

9      The Court DENIES the Motion. It appears that not only did LBUSD serve the deposition

10 notice quite late—without any explanation to this Court of why it could not have identified the need

11 for the deposition and served the notice earlier—but it did not take any action to move to compel the

12 deposition or reopen discovery after the purported "cancellation" of the deposition. It is too late now

13 to obtain a sanction for the Defendants' alleged gamesmanship from two years ago.

14     **C. Out of court statements made by D'arcy are not excluded (Island Company's**

15         **Motion *in limine* No. 1, ECF No. 247).**

16     The Island Company requests that the Court order that statements made by Chester D'Arcy

17 should not be permitted at trial because it is inadmissible as hearsay. ECF No. 247 at 2. Under

18 Federal Rules of Evidence 801, "hearsay" is an out-of-court statement that: (1) the declarant does not

19 make while testifying at the current trial or hearing and (2) a party offers in evidence to prove the

20 truth of the matter asserted in the statement." Fed. R. Evid. 801. Under Federal Rule of Evidence

21 802, hearsay evidence is inadmissible unless otherwise provided by a federal statute, the Federal

22 Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802. The Island

23 Company argues that D'Arcy's statements (1) were made out-of-court and are therefore inadmissible

24 as hearsay and (2) do not satisfy any hearsay exceptions under Federal Rules of Evidence 803 & 804

25 because they were made approximately seventy-five years after the matter observed. ECF No. 247-1

26 at 5–7.

27     LBUSD argues that D'arcy's statements should be permitted because (1) they satisfy hearsay

28 exceptions under Federal Rules of Evidence 803 & 807 and (2) Federal Rule of Evidence 703 allows

experts to rely on inadmissible evidence. ECF No. 263 at 2. Specifically, LBUSD argues that D'arcy's statements are admissible under Federal Rule of Evidence 803 because they were (1) statements made in an oral history recording from 1976 and (2) statements made prior to the action concerning customs and general historical events that affected Avalon's land and community. ECF No. 263 at 4–6. LBUSD also argues that the statements are admissible under Federal Rule of Evidence 807 because they are (1) corroborated by numerous independently verifiable facts and (2) more probative on the points for which it is offered than any other evidence that they can obtain through reasonable efforts. ECF No 263 at 6–9. Further, LBUSD argues that their experts may disclose D'arcy's interview to the jury under Federal Rule of Evidence 703 because (1) historians reasonably rely on oral histories in forming their opinions and (2) the interview is highly probative of whether the school site was historically used to dispose trash. ECF No. 263 at 9–10.

The Court DENIES the Motion. D'arcy's statements, in their audio format,[1] qualify under Rule 803(16) as a statement in an ancient document and Rule 803(20) as reputation concerning customs that affect the land or general history. The Court need not reach the question of whether the residual hearsay exception would apply. Given the Court's determination that the statements are admissible, the Court need not reach the argument about whether an expert may testify as to inadmissible evidence upon which the expert relied.

### D. Testimony regarding Island Company's prior status as a contractor shall be permitted (Island Company's Motion *in limine* No. 2, ECF No. 248).

Island Company requests that the Court exclude any testimony regarding their contractor status or activity in connection with the school site at issue because it would be irrelevant, prejudicial, misleading, and confusing to the fact finder. ECF No. 248 at 1. Specifically, Island Company argues that testimony about their contractor status or activity is irrelevant because claims related thereto are time-barred. ECF No. 248 at 2.

---

[1] At the hearing, counsel for the Island Company raised that the audio of D'Arcy's statements was garbled, but the Court finds that the recording is sufficiently comprehensible to use at trial. As noted, the audio itself is the evidence, not the transcript. The parties shall meet and confer regarding the transcript to be used, and file a joint statement regarding any remaining disputes by February 16, 2024.

LBUSD argues that testimony regarding Island Company's contractor status during the construction of the original school site is relevant because (1) Island Company's experts have hypothesized that contaminated materials used by Island Company might have contaminated the school site and (2) it supports LBUSD's argument that Island Company's omnipresence on Catalina Island demonstrates its awareness of the historical trash dump. ECF No. 261 at 2. LBUSD also argues that any purported prejudice does not substantially outweigh the probative value to both parties under Federal Rule of Evidence 403. ECF No. 261 at 4–5.

The Court DENIES the Motion. The Court finds that the evidence is relevant, and that it is not more prejudicial than probative. Any limited prejudice or likelihood of confusing the jury will be addressed by the jury instructions laying out the claims and theories of liability. In any event, should the Island Company wish to request a limiting instruction, the parties shall meet and confer regarding an appropriate limiting instruction and file a joint statement by Friday, February 16, 2024.

### E. Evidence of remedial work and associated costs incurred by LBUSD prior to 2016 shall not be excluded (Island Company's Motion *in limine* No. 3, ECF No. 249).

The Island Company requests that the Court exclude any mention of costs or damages relating to any site work prior to February 14, 2016 because it would be irrelevant, prejudicial, misleading, and confusing to the fact finder. ECF No. 249 at 1. Specifically, the Island Company argues that material related to prior site-work is irrelevant because claims related thereto are time-barred. ECF No. 249 at 2.

LBUSD argues that evidence concerning pre-2016 costs and damages is relevant because (1) the statute of limitations only bars claims, not related evidence and (2) the evidence would help LBUSD demonstrate a causal connection between Defendants' conduct and the school's contamination. ECF No. 260 at 6–9. LBUSD also argues that (1) the evidence is relevant to demonstrate Defendants' liability; (2) the evidence is relevant to provide the jury with a basic understanding of the sequence of events; and (3) the probative value outweighs any risk of unfair prejudice. ECF No 260 at 9–10. LBUSD also suggests that the Court may order a limiting instruction as to the time-barred status of pre-2016 costs under Federal Rule of Evidence 105. ECF No. 260 at 10.

The Court DENIES the Motion. The Court finds that the evidence is relevant, and that it is not more prejudicial than probative. Any limited prejudice or likelihood of confusing the jury will be addressed by the jury instructions laying out the claims and theories of liability. In any event, should the Island Company wish to request a limiting instruction, the parties shall meet and confer regarding an appropriate limiting instruction and file a joint statement by Friday, February 16, 2024.

### F. Evidence regarding LBUSD's future costs shall not be excluded (City's Motion *in limine* No. 2, ECF No. 251).

Defendants request that the Court exclude any evidence related to LBUSD's future damages and costs because (1) it is irrelevant and prejudicial as future costs are not recoverable in a continuing nuisance claim and (2) LBUSD failed to designate an affirmative expert on such damages. ECF No. 251-1 at 2.

LBUSD argues that Defendants are conflating future damages with future costs and that evidence related to LBUSD's future costs are relevant to LBUSD's claim. ECF No. 265 at 2. LBUSD states that they will not seek an award of future monetary damages. ECF No. 265 at 3–4. However, LBUSD argues that evidence related to future costs are relevant because of the abatement order they seek. ECF No. 265 at 4–5. LBUSD also argues that they, instead of Defendants, would suffer from unfair prejudice because the exclusion of such evidence would hinder it from showing abatability. ECF No. 265 at 5–6.

The Court DENIES the Motion in part. Evidence as to future costs is relevant to the continuing nuisance claim and, specifically, abatability. The parties agree that evidence of future damages is not; any limited prejudice or likelihood of confusing the jury will be addressed by the jury instructions laying out the claims and theories of liability.

### G. Use of the term "Avalon" in testimony or argument to refer to the unincorporated area informally known as "Avalon" shall not be precluded (City's Motion *in limine* No. 4, ECF No. 253).

Defendants request that the Court exclude LBUSD from using the term "Avalon" when describing activities prior to the incorporation of the City of Avalon because it would be prejudicial, misleading, and confusing to the factfinder. ECF No. 253-1 at 5–6. Specifically, Defendants argue

that LBUSD's allegations primarily concern activities prior to the City of Avalon's incorporation in 1913 and that using the term "Avalon" to refer to such activities would suggest that these activities were conducted by the *City of Avalon* and therefore prejudice Defendants and mislead and confuse the jury. ECF No. 253-1 at 6.

LBUSD argues that the Court should deny Defendants' motion because (1) Defendants' own expert historian, Dr. Douglas Littlefield, has consistently referred to the pre-incorporation area at issue as "Avalon;" (2) prohibiting the use of the term "Avalon" would make it overly burdensome to discuss pre-incorporation documents; and (3) any potential confusion for using the term "Avalon" can be eliminated by a limiting jury instruction under Federal Rule of Evidence 105. ECF No. 259 at 6–7.

The Court DENIES the Motion in part. The use of the term "Avalon" appears to be a historically accurate way of referring to the pre-incorporation area. The parties shall not be precluded from employing this method of referring to the pre-incorporation area; they are precluded from erroneously suggesting that the pre-incorporation area is the "City of Avalon" or suggesting that the City is responsible for the actions of private individuals prior to incorporation. The parties are cautioned that any attempt in their argument or questioning to take advantage of this potential confusion will violate this Court's order and draw an appropriate response and, as appropriate, sanction. The parties are ordered to meet and confer regarding an appropriate jury instruction identifying that there are multiple uses of "Avalon" in this case—including as an informal term to refer to the pre-incorporation area and as a term referring to the Defendant, the City of Avalon. The parties are to file a joint statement by Friday, February 16, 2024.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. LBUSD's Motion *in limine* No. 1, ECF No. 254, is GRANTED;
2. LBUSD's Motion *in limine* No. 2, ECF No. 255, is DENIED;
3. The Island Company's Motion *in limine* No. 1 ECF No. 247, is DENIED;
4. The Island Company's Motion *in limine* No. 2, ECF No. 248, is DENIED;
5. The Island Company's Motion *in limine* No. 3, ECF No. 249, is DENIED;

6. City's Motion in *limine* No. 2, ECF No. 251, is DENIED;

7. City's Motion in *limine* No. 4, ECF No. 253, is DENIED;

8. The parties shall meet and confer regarding limiting instructions regarding the Island Company's prior status as a contractor and evidence of remedial work and costs incurred by LBUSD prior to 2016, as well as an appropriate instruction identifying the uses of the word "Avalon." The parties are ordered to file a joint statement outlining their agreement or any remaining disputes no later than Friday, February 16, 2024.

IT IS SO ORDERED.

Dated: February 14, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge