UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG BEACH UNIFIED SCHOOL DISTRICT,<br><br>   Plaintiff,<br><br>   v.<br><br>SANTA CATALINA ISLAND COMPANY and CITY OF AVALON,<br><br>   Defendants. | Case No.: 2:19-cv-01139-MEMF-AS<br><br>**ORDER DENYING DEFENDANT CITY OF AVALON'S MOTIONS *IN LIMINE* #1 AND #3 [ECF NOS. 250, 252]** |

Before the Court are two (2) motions *in limine* filed by Defendant City of Avalon (ECF Nos. 250, 252). For the reasons stated herein, the Court DENIES the Motions.

I. **Background**

The Court held oral argument on the parties' various motions *in limine* on February 8, 2024. At the hearing, counsel for Defendant City of Avalon (the "City") stated that there were recent events that were relevant to the Court's decision on the City's Motions *in limine* Nos. 1 and 3 (the "Motions")—specifically, recent voluminous damages disclosures that appeared to be wholly new.

1

ECF No. 250 ("MIL #1"); ECF No. 252 ("MIL #3") Accordingly, the Court granted the parties supplemental briefing to address the City's MIL Nos. 1 and 3. ECF No. 272.

On February 14, 2024, the City filed its supplemental briefing on the Motions. ECF No. 274 ("City Supp."). On February 19, 2024, Plaintiff Long Beach Unified School District ("LBUSD") filed its opposition. ECF No. 276 ("Opp.").

## II. Applicable Law

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

## III. Discussion

The City moves to exclude at trial expert opinion testimony and opinion from Neal Brody (MIL #1) and introduction of post-complaint or improperly disclosed damages (MIL #3).

### A. Expert testimony by Neal Brody regarding LBUSD's past or future damages shall not be excluded (City's Motion *in limine* No. 1, ECF No. 250).

The City requests that the Court exclude (1) the testimony of LBUSD's rebuttal expert witness, Neal Brody, in its entirety; (2) alternatively exclude Brody from testifying regarding LBUSD's past or future costs; or (3) alternatively exclude Brody's testimony until after Defendants' expert witness, Gary Hokkanen, testifies because LBUSD has designated Brody to provide an opinion as to LBUSD's past and future costs in response to Hokkanen's report, despite Hokkanen's absence of an opinion on such costs. ECF No. 250-1 at 2. Specifically, Defendants argue that (1) Brody's opinion as to future costs would be irrelevant, prejudicial and confusing to the fact-finder; (2) Brody's opinion as to future costs would be (a) irrelevant and (b) prejudicial because it would

violate the Court's partial summary judgment order; and (3) LBUSD's designation of Brody as a lay witness is improper because he does not have any personal knowledge of LBUSD's past or future damages. ECF No. 250-1 at 2–9.

LBUSD argues that Brody's testimony as a lay witness under Federal Rule of Evidence 701 is proper because (1) he has consulted LBUSD's remediation team for over six years regarding remediation costs and therefore has personal knowledge of such costs; (2) it would be helpful to the factfinder in determining remediation costs incurred by LBUSD; and (3) the determination of whether an invoice relates to remediation activities does not require scientific, technical, or other specialized knowledge. ECF No. 264 at 3–5. LBUSD also argues that alternatively, Brody's testimony as an expert regarding remedial and future costs is proper under Federal Rule of Evidence 702 to refute Hokkanen's report and Defendants' claims at trial. ECF No. 264 at 7–10. LBUSD concedes that Brody's rebuttal expert testimony would only be appropriately offered after Defendants' expert testimony. ECF No. 264 at 9.

In its supplemental briefing, the City states that LBUSD has provided the amount of its damage claim and the basis for it along with numerous newly disclosed documents in the past two weeks. City Supp. at 3. The City argues that this new information provides further support for granting the Motions because the new disclosure (1) shows the deficiencies of LBUSD's past disclosures, (2) demonstrates that LBUSD's prior disclosure of invoices does not fill the role of a disclosure as the productions did not inform Defendants of what were relevant to LBUSD's damage claim, (3) shows that it is not easily ascertainable from the invoices themselves what is part of the damage claim and that Brody cannot act as a fact witness to simply tabulate the amount of remediation invoices, and (4) is untimely and prejudicial. *Id.*

LBUSD responds that only a small portion of its recent production was new information, which has no bearing on the sufficiency of its prior productions. Opp. at 3, 10. Moreover, LBUSD states that it previously provided Defendants with a comprehensive FRE 1006 Summary of District Remediation Costs, which was timely. *Id.* at 4. LBUSD argues that the new production causes no prejudice because (1) supplemental cost productions were inevitable and not a surprise to Defendants, (2) Defendants admit most of the recent production is insignificant, (3) LBUSD's

amended disclosure actually reduced its total damage claim, and (4) LBUSD has offered to provide reasonable discovery to ameliorate any prejudice. *Id.* at 3–8. Finally, LBUSD argues that to the extent there were deficient disclosure or untimely productions, it would be harmless, any remaining prejudice could be cured by establishing a cut-off date for damages at trial, and nothing in the new production would convert Brody's fact testimony to expert testimony. *Id.* at 9–10.

The Court DENIES the Motion. The Court finds the proposed testimony of Brody to be relevant and admissible. Brody may testify as a fact witness with respect to the assembly and tabulation of the remediation costs, and his proposed opinion testimony is proper as rebuttal expert testimony—if offered after Defendants' expert testimony. The supplemental briefing on the recent disclosures by LBUSD has failed to convince this Court otherwise.

**B. Introduction of post-complaint damages shall not be excluded. (City's Motion *in limine* No. 3, ECF No. 252).**

Defendants request that the Court exclude LBUSD from (1) introducing post-complaint damages or (2) alternatively, introducing improperly disclosed damages. ECF No. 252-1 at 2. Defendants argue that LBUSD's recovery for damages are limited to the commencement of the action and that LBUSD failed to update damage disclosures prior to the close of discovery. ECF No. 252-1 at 7–10.

LBUSD argues that the Court should deny Defendants' motion because (1) it is improperly disguised as a motion for summary judgment; (2) post-complaint and pre-judgment damages for continuing nuisance claims are recoverable; (3) policy considerations weigh in favor of doing so; (4) LBUSD complied with Federal Rule of Civil Procedure Rule 26(e)(1)(a) and; (5) Defendants failed to raise any discovery deficiencies with the Court until the eve of trial. ECF No. 266 at 3–11.

The City and LBUSD also reiterate the same issues as previously summarized above in their supplemental briefing.

The Court DENIES the Motion. The Court finds that awarding of post-complaint damages is proper, that LBUSD properly disclosed this evidence, and that Defendants failed to timely or properly object to this evidence or the awarding of post-complaint damages. The supplemental briefing on the recent disclosures by LBUSD has failed to convince this Court otherwise. In fact, it

demonstrates that Defendants had ample opportunity to raise these issues earlier and seek discovery regarding other damages disclosures, but failed to do so, suggesting that the recent productions will not cause the great prejudice the Defendants complain of.

To address the concerns raised by the Defendants, the Court adopts LBUSD's proposal regarding a damages cut-off date of January 31, 2023. Any further damages will be addressed, as appropriate, in post-trial proceedings and/or in any abatement order.

## IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. City's Motion *in limine* No. 1, ECF No. 250, is DENIED;
2. City's Motion in *limine* No. 3, ECF No. 252, is DENIED;
   a. The Court establishes that the damages cut-off date in this case is January 31, 2023.

IT IS SO ORDERED.

Dated: February 21, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge