UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG BEACH UNIFIED SCHOOL DISTRICT,<br><br>          Plaintiff,<br><br>    vs.<br><br>SANTA CATALINA ISLAND COMPANY and CITY OF AVALON,<br><br>          Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS | CASE NO. 2:19-cv-01139-JFW-AS<br><br>**ORDER GRANTING DEFENDANT CITY OF AVALON'S MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT [ECF NO. 359]** |

On April 11, 2024, Defendant the City of Avalon (the "City") submitted a motion seeking a good faith determination of the settlement reached between the City and Plaintiff Long Beach Unified School District (the "District"), along with a bar order precluding claims for contribution relating to the subject matter of this litigation.[1] The Court deems this matter appropriate for

---

[1] The Court notes that under governing case law, any non-settling defendant that wishes to assert a lack of good faith has the burden of proof on this issue. *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 448, 499 (1985). In this case, the only non-settling defendant was Santa Catalina Island Company ("SCIC"), but it did not file an opposition and the City advised the Court that SCIC indicated it did not intend to file one. ECF No. 359-1 at 6.

1

resolution without oral argument and vacates the hearing set for May 30, 2024. *See also* C.D. Cal. L.R. 7-15.

The Court, having considered the City's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

A. The Court finds that the settlement agreement between the City and the District is in good faith, fair, reasonable, and consistent with California Code of Civil Procedure §§ 877 and 877.6, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et. seq.*, and other applicable federal and state laws.

B. Based on the above finding, all persons and parties who are provided notice of this motion, including Defendant Santa Catalina Island Company (the "Island Company"), are barred from pursuing any claims against the City for implied and/or equitable indemnity, implied and/or equitable comparative contribution, indemnity or cost recovery under CERCLA § 107, indemnity or contribution under CERCLA § 113, indemnity or contribution under the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA") (Cal. Health and Safety Code § 25300, *et seq.*), or for any other cause of action based upon comparative fault, indemnity or otherwise arising from any alleged past negligence, act, omission, or misconduct of the City in connection with the subject matter of this litigation. This Order shall apply whether such claims are pending or could be asserted in the future pursuant to federal or state law; and

C. All claims, counter-claims, and cross-claims, the Island Company asserted against the City and the City asserted against the Island Company in this litigation, are dismissed with prejudice, with each Party bearing its own attorneys' fees and costs.

IT IS SO ORDERED.

Dated: May 15, 2024

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge